IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DRAPER S. KELLY

VS.                                          CIVIL ACTION NO. 2:06cv108-KS-MTP

LAWRENCE KELLY

### ORDER REJECTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE, ETC.

This cause is before the Court on Petition of Draper S. Kelly filed pursuant to 28 U.S.C. § 2254 [2], and before the Court at this time on Respondents' Motion to Dismiss For Failure to Exhaust [18], Objection thereto filed by Lawrence Kelly, Respondent, [25] and the Court after hearing and duly considering the same finds that the Report and Recommendation should be rejected and the Motion to Dismiss granted and the petition dismissed without prejudice for the reasons hereinafter stated.

1. PROCEDURAL HISTORY

On September 5, 2003, Draper Kelly was convicted in the Circuit Court of Marion County, Mississippi of the sale or transfer of a controlled substance and was sentenced to a term of thirty years, with twenty-five years to serve and five years suspended.  Claiming that the trial court erred by granting jury instruction S-3 and that the verdict was against the overwhelming weight of the evidence, Kelly filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court.   On February 24, 2005, the supreme court affirmed Kelly's conviction and sentence.[1]  He did not seek further discretionary review in state court by filing a petition for rehearing, nor did he file a petition for writ of certiorari to the United States Supreme

---

[1] *Kelly v. State of Mississippi,* 910 So. 2d 535 (Miss. 2005)

Court. He likewise has yet to seek post-conviction collateral relief in the state courts.[2]

Along with four additional claims, the two claims that were considered and rejected by the supreme court are again presented for review by Kelly's petition for writ of habeas corpus. The respondent contends that Kelly failed to exhaust state court remedies as to the four new claims prior to seeking federal habeas review and that Kelly's petition should accordingly be dismissed. In response, Kelly states the reasons for his failure and requests that the court stay his habeas case and hold it in abeyance so that he may return to state court and proceed with his post-conviction collateral relief efforts.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. RESPONDENT'S OBJECTIONS AND ANALYSIS

---

[2] He has three years from the date his "direct appeal [was] ruled upon" to do so. MISS. CODE. ANN. 99-39-5(2).

The Motion to Dismiss was filed by Draper S. Kelly pursuant to 28 U.S.C. § 2254, which provides in part:

> (b)(1) An application for a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that
>
> (A) the applicant has exhausted the remedies available in the courts of the state; or
>
> (B)(i) there is an absence of available state corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, § 2254(c) provides as follows:

> (c) an applicant shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, if he has the right under the law of the state to raise, by an available procedure, the question presented.

To satisfy the exhaustion requirement, the applicant must present his claims to the state's highest court in a procedurally proper manner and provide the state's highest court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 199 S.Ct. 1728 (1999). Only after the Mississippi Supreme Court has been provided with a fair opportunity to pass upon petitioner's claim in a procedurally proper manner can petitioner be said to have satisfied the exhaustion requirement. Such a failure to exhaust available state court remedies clearly warrants dismissal.

In his response to the Motion to Dismiss, Kelly agrees that he has committed a "mixed" petition for federal habeas relief in that grounds 1, 2, 3, 4 and 6 have not been "fairly presented" to the state supreme court. He, therefore, has not exhausted the claims 1, 2, 3, 4, and 6. Kelly request that the federal petition be held in abeyance while he exhausts his state remedies on these

counts. In *Rhines v. Weber*, 125 S.Ct. 1528 (2005) the supreme court stated that this court has the discretion to hold the petition in abeyance, however, the court cautioned that this should be done only in limited circumstances. *Id.* at p. 1535.  This Court finds that the limited circumstances do not exist in this case and that the stay in abeyance is inappropriate herein.

This Court disagrees with the Magistrate Judge's recommendation in that it is clear from the evidence, including the affidavits of Gia N. McCleod and Paul R. Pennington, Jr. that petitioner was a frequent user of the inmate legal assistance program and was furnished all of the documents necessary to understand the law and to protect his rights. This Court rejects the claims of Draper S. Kelly that he was misled and denied access to the prison legal assistance program.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that the objections filed by respondent Lawrence Kelly have merit and should be granted. This Court further concludes that the proposed Report and Recommendations should be rejected for the reason that the objection shows clear documentation that the special circumstances claimed by petitioner Draper S. Kelly do not exist and that the Motion to Dismiss for failure to exhaust [18] should be sustained.

Accordingly, it is ordered that the petition for Writ of Habeas Corpus filed herein by Draper S. Kelly be and the same is hereby dismissed without prejudice.

SO ORDERED this, the <u>28th</u> day of <u>February</u>, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE